Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
2100 SE Lake Rd. #5
Milwaukie, OR 97222
Tel:  971-570-9225
info@steffenlegal.com

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **DARRELL DEVISH**, <br><br> Plaintiff, <br><br> v. <br><br> **BROOK JOHNSON**, in his individual capacity, **DEREK EVANS**, in his individual capacity, and **JOHN DOE**, in his individual capacity. <br><br> Defendants. | Case No.:   1:23-CV-00295 <br><br> **COMPLAINT** <br>(unreasonable seizure/excessive force, due process, negligence) <br><br> 42 USC 1983 <br><br> 4th and 14th Amendments of the U.S. Constitution <br><br> AMOUNT PRAYED FOR: $75,000 <br><br> JURY TRIAL REQUESTED |

PLAINTIFF, through his attorney Justin Steffen, bring this COMPLAINT against Defendant and alleges as follows:

1.

At all times material to this complaint, Plaintiff resided in the Medford Division of the District of Oregon.  Defendants Brook Johnson and Derek Evans are police officers employed by the City of Grants Pass. Defendant John Doe is an employee or agent of Josephine County and was working at the Josephine County jail at all relevant times to this complaint. The events giving rise to this Complaint occurred in the Medford Division of the District of Oregon. This

**COMPLAINT**, page 1 of 6

Court has original jurisdiction of the federal claims contained in this Complaint pursuant to 28 USC 1331.

2.

On 8/9/22, Plaintiff went to the Rite Aid pharmacy located at 915 NE D St. in Grants Pass, Oregon, in order to pick up a medical prescription. While waiting for his prescription he was accused of standing to close to the counter and violating other patients' privacy. After he picked up his prescription, he was told to leave the building by the manager of the store.

3.

After looking at the pharmacy counter one more time, Plaintiff complied with this request and left the building. As he was leaving, he was informed by the manager that the police were on their way and that Plaintiff would be arrested for violating the Health Insurance Portability and Accountability Act (HIPAA). This didn't make any sense to Plaintiff so he wanted to talk to the police when they arrived. Plaintiff got his cup of coffee from his truck and waited for the police in the parking lot.

4.

After the police arrived, Plaintiff had a discussion with Defendant Johnson, who informed Plaintiff that if he didn't leave the parking lot he would be arrested for trespassing, based on the request from the security guard on the scene, Andrew Dunbar, and the Rite Aid store manager, Rose Van Dolah. Plaintiff believed that neither person had the authority to trespass him from the parking lot. Since Plaintiff had already left the Rite Aid as requested, he did not believe he was breaking the law.  During this time, Plaintiff informed Defendant Johnson that he had a pacemaker and defibrillator, and he can't move his left arm very far.

5.

After arguing about this issue with Plaintiff, Defendant Johnson informed Plaintiff that he was under arrest. Plaintiff assumed he would be handcuffed, so he put his hands behind his back.

**COMPLAINT**, page 2 of 6

Plaintiff was holding a metal coffee cup at this time. This cup only weighs 15.8 ounces. Defendant Johnson took Plaintiff's coffee cup and tossed it on the ground.

6.

At that point, Defendant Johnson attacked Plaintiff, striking him with his knee and tried to pull Plaintiff backwards while still holding on to his arm. Plaintiff fell to his knees and was attacked by Defendant Evans, who tackled Plaintiff and forced him to the ground. While Plaintiff was on the ground, one of the Defendants had his arm around Plaintiff's neck, while his knee was pressed into Plaintiff's back. Defendant Johnson then began striking Plaintiff in the side with his knee. Defendant Johnson yelled at Plaintiff, telling him, "You're under arrest, get your hands behind your back." It was only a few seconds earlier that Plaintiff had put his hands behind his back to comply with the arrest right before Defendant Johnson attached him. At no point was Plaintiff resisting arrest. He was trying to protect his pacemaker from being smashed when he was being attacked on the ground. Plaintiff was subsequently put in handcuffs and arrested.

7.

After his arrest, Plaintiff was taken to Three Rivers Medical Center for treatment of his injuries. He was treated for minor scrapes and bruises and was then lodged into the Josephine County Jail. While at the hospital, the treating physician looked up Plaintiff's name and prescriptions in order to make sure they would be available for him at the jail. While in custody at the jail, Plaintiff's wife came to the jail and spoke with Defendant Doe, who worked as a doctor or some other type of medical professional. She gave all of Plaintiff's medication to Defendant Doe explained what each one was for. Sometime later, Plaintiff informed jail staff that he needed his prescription medications, but was told that Defendant Doe had left for the night and would not be back until the next day. Jail staff refused to give Plaintiff his medication that night.

8.

**COMPLAINT**, page 3 of 6

Plaintiff spent all night in jail without his medication. This caused Plaintiff do develop an irregular heartbeat, sweat profusely, and have trouble breathing. Specifically, Plaintiff was denied the following medications (all of which were available to be administered):

- An Advair inhaler.
- Atenelol.
- Paxil.
- Pacerone.
- Diazepam.
- Lorazepam.
- Lipitor.
- Lasartin.
- Aspirin (325 mg).

In the morning, Plaintiff informed jail staff that he was having trouble breathing and that he needed his medications. Plaintiff was seen by Defendant Doe and was given an EKG, but Defendant Doe only allowed him to take one dose from his Advair inhaler and one chewable aspirin. Defendant Doe informed Plaintiff that he would rather have Plaintiff die, then risk giving Plaintiff his prescribed medications. Plaintiff, still suffering the effects of not having his medication, was released from the jail later that afternoon.

9.

Several days after he was released, Plaintiff contacted management at the Concierge security company (the company that patrols the Rite Aid). Plaintiff was informed that he was not trespassed from the shopping center and was allowed to visit other stores in the center and use the parking lot. This confirms Plaintiff's suspicion that he was not trespassing at the time of his arrest.

**COMPLAINT**, page 4 of 6

10.

Two days after being released, Plaintiff went to an Asante urgent care center to be treated for the injuries he sustained during his arrest. Plaintiff was diagnosed with a fracture of his #9 rib and was also treated for shoulder pain. Plaintiff also suffered several bruises on his thighs. The pain in his shoulder has been consistent since his arrest. He cannot take Oxycodone or other pain medication for his pain due to his other medical conditions. Surgery is also not an option, leaving Plaintiff with a permanent injury.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
(Unlawful seizure (excessive force) – against Defendants Johnson and Evans: 4th Amendment to the U.S. Constitution; 42 USC 1983)

11.

The actions of Defendants Johnson and Evans as described above constitute an unreasonable seizure of Plaintiff's person, in violation of the 4th Amendment. Defendants used unreasonable and excessive force in effectuating the arrest of Plaintiff. As a direct result of Defendants' actions, Plaintiff has sustained non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $50,000.

**SECOND CLAIM FOR RELIEF**
(Substantive due process – against Defendant Doe: 14th Amendment to the U.S. Constitution; 42 USC 1983)

12.

By refusing to provide Plaintiff with his prescribed medication, Defendant Doe, denied Plaintiff his right to substantive dure process. As a direct result of Defendant Doe's actions, Plaintiff has sustained non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $25,000.

**COMPLAINT**, page 5 of 6

## PRAYER FOR RELIEF

14.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $75,000 in non-economic damages.

-Plaintiff's reasonable costs and attorney's fees associated with bringing this action, pursuant to 42 USC 1988(b).

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:  3/1/23

By: s/ Justin Steffen_____
Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
2100 SE Lake Rd. #5
Milwaukie, OR 97222
Tel:  971-570-9225
Fax: 503-345-0970
info@steffenlegal.com